CAMPBELL v. RAVEN.

CORPORATIONS—STOCK AND STOCKHOLDERS—NOMINAL SHAREHOLD-
ER'S LIABILITY—ESTOPPEL.
    While a subscriber to the capital stock of a corporation is
    generally bound by his subscription and may not escape
    liability by transferring his interest to a third party, no
    liability was established by evidence that defendant, in
    an action commenced by the trustee in bankruptcy of a
    corporation, became a subscriber to the stock before the
    completion of corporate organization for the purpose of
    accommodating the promoters, and with the understand-
    ing on the part of the other stockholders as well as of
    defendant that his subscriptions should create no liability,
    and, merely to provide the three required incorporators,
    signed the articles of association, resigning immediately
    thereafter as a director and disposing of his stock to a
    stockholder. who had not been able to be present at the
    time of organization, that defendant supposed he had
    assigned all his stock, but by mistake retained one share,
    that defendant took no part in any proceedings after the
    articles were duly filed and no person dealt with the cor-
    poration in reliance on his ownership of stock.

Error to Ottawa; Cross, J.  Submitted April 25,
1913.  (Docket No. 86.)  Decided July 9, 1913.

Assumpsit by Robert L. Campbell, trustee in bank-
ruptcy of the estate of the Kalamazoo Sample Fur-
niture Company, against John H. Raven to enforce
payment of a subscription to stock of the bankrupt.
Judgment for defendant. Plaintiff brings error. Af-
firmed.

*Cleland & Heald,* for appellant.
*Diekema, Kollen & Ten Cate,* for appellee.

OSTRANDER, J.  The cause was tried by the court

without a jury, and a judgment of no cause of action was entered November 27, 1912, pursuant to certain findings of fact and of law made by the court. Various amendments to these findings were proposed by plaintiff, and later amended findings were made and filed as follows:

"This is an action of assumpsit by Robert L. Campbell, trustee in bankruptcy of the estate of the Kalamazoo Sample Furniture Company, bankrupt, against John H. Raven, on an alleged subscription for stock in a corporation.

"Henry Brusse, George Van Der Veen, and Percy Ray formed a copartnership under the firm name of the Kalamazoo Sample Furniture Company, the business of which consisted of the sale of furniture at retail at Kalamazoo, Mich. Mr. Brusse and Mr. Van Der Veen contributed $2,500 each, and Mr. Ray, $1,000, to the capital stock of the partnership.

"In the fall of 1911 the copartners, Mr. Brusse, Mr. Van Der Veen, and Mr. Ray, decided that they needed more capital to conduct a successful business, and they decided to form a corporation and sell stock and thereby increase their capital.

"Mr. Arthur Van Duren, an attorney of Holland, was employed to prepare the articles of association to form the corporation. He went to Kalamazoo, prepared the articles of association, and proceeded to organize the corporation at the store of the Kalamazoo Sample Furniture Company. Henry Brusse and George Van Der Veen were at the store, but Percy Ray was in Detroit, and his presence at the time could not be obtained. Mr. Van Duren informed Mr. Brusse and Mr. Van Der Veen that it would be necessary to have three persons to sign the articles of association in order to comply with the law.

"The defendant, John H. Raven, who by profession is an auctioneer and was at the time employed by the partnership to conduct auction sales, was in the store and was requested by Mr. Van Duren and Mr. Brusse to sign the articles of association in the place of the absent partner, Percy Ray. Mr. Raven inquired of Mr. Van Duren if by signing the articles of associa-

176 MICH.—14.

tion he would in any manner assume any liability and was informed by Mr. Van Duren that his signing would create no liability against him; that it was a mere matter of form to comply with the law in having three persons sign the articles. Upon this assurance the defendant signed the articles of association. It was understood by all the parties that Mr. Raven was not expected to take any stock or to pay for any stock. It was understood that he was simply to act in the place of Mr. Ray for the sole purpose of having three persons execute the articles to form the corporation. He was not to assume any liability of any kind or nature by signing the articles. The method by which the corporation was formed was ratified by the corporation at the meeting of directors on October 26, 1911. The testimony shows that Arthur Van Duren presented to John H. Raven a waiver of notice of the first meeting of stockholders, which Mr. Raven signed without question.

"The following are the records of the first stockholders' meeting:

" 'KALAMAZOO, MICH., Oct. 26, 1911.

" 'Meeting of the stockholders of the Kalamazoo Sample Furniture Company, Incorporated, held this day at the office of the company, 317-319 South Burdick street, Kalamazoo, Michigan.

" 'Present, Henry Brusse, George Van Der Veen and John H. Raven. Waiver of notice was filed by all subscribers to stock, for the first meeting of stockholders, and thereupon proceeded to organization.

" 'Upon motion Henry Brusse, George Van Der Veen and John H. Raven were elected as directors.

" 'George Van Der Veen was chosen as temporary president, and Henry Brusse temporary secretary.

" 'Upon motion the board of directors were directed to fill the two vacancies on the board as soon as the additional stock was taken; said vacancies to be so filled until the next regular meeting. Carried.

" 'Upon motion the following by-laws were unanimously adopted: [By-laws attached.]

" 'Upon motion the secretary and president were directed to issue stock in accordance with the several subscriptions. Carried.

" 'Upon motion the board of directors were authorized to purchase the business, stock, etc., of the Kalamazoo Sample Furni-

ture Company, a copartnership, for the sum of $25,000.00. Carried, all stockholders voting therefor.

" 'Upon motion the meeting of stockholders adjourned.'

"The records show that a meeting of the board of directors of the corporation was held on October 26, 1911, with Directors Brusse, Van Der Veen and Raven present. The testimony shows that neither Directors Raven nor Brusse were present at this meeting. The records show the following proceedings at said meeting: •

" 'John H. Raven reported having sold a part of his stock to Percy Ray.

" 'Upon motion Percy Ray was elected to one of the vacancies on the board of directors. Carried.

" 'The following officers were then elected to serve until the next annual meeting: President, George Van Der Veen; vice president, Percy Ray; secretary and treasurer, Henry Brusse; manager, Henry Brusse.

" 'Upon motion the president and secretary were authorized and instructed to purchase the business, stock, leases, etc., of the Kalamazoo Sample Furniture Company, for the sum of $25,000.00 as voted by the stockholders. Carried.

" 'John H. Raven reported having sold the balance of his stock, and presented his resignation, which was duly accepted.

" 'Upon motion the meeting of directors adjourned.'

"The following is the resignation of John H. Raven, presented to him by Mr. Van Duren, and by Mr. Raven signed without question and without reading:

" 'October 26, 1911.

" 'To The Board of Directors of the Kalamazoo Sample Furniture Company, Inc.

" 'Gentlemen: •

" 'Having disposed of all stock held by me in your company, I hereby present my resignation as a member of the board of directors, to take immediate effect.

" 'Very truly yours,

" 'John H. Raven.'

"The articles as signed specified that the defendant owned five hundred shares of the capital stock. A certificate of stock was prepared which recited that the defendant was the owner of five hundred shares, and he immediately assigned four hundred and ninety-

nine shares of the same to Percy Ray, in pursuance of the understanding between those present. He intended to assign all of the shares of stock to Percy Ray and supposed he had done so until he was shown the assignment on the trial of the case. The defendant had no interest in the corporation of any kind and took no part in the proceedings to organize the same, except to sign his name to such papers as Mr. Van Duren requested him to sign.

"The articles of association were signed on the 18th day of October, 1911, and filed with the secretary of State on the 23d day of October, 1911, and with the county clerk on the 18th day of November, 1911. The assignment of the stock from Mr. Raven to Mr. Ray was made on the 26th day of October, 1911.

"The articles of association recited that the name of the corporation should be the Kalamazoo Sample Furniture Company, and that Henry Brusse was the owner of 1,000 shares, George Van Der Veen the owner of 1,000 shares and John H. Raven the owner of 500 shares of the capital stock, and that the shares were paid for in cash. It was not the intention of any of the parties to pay for any of the stock in cash. The defendant, John H. Raven, has never paid anything in in cash or property to the corporation.

"On the 27th day of November, 1911, an amendment was made to the articles of association, which amendment recited that the capital stock of the corporation consisted of $25,000, of which $6,000 was paid in in cash and $19,000 in merchandise and being the entire property and good will of the Kalamazoo Sample Furniture Company, a copartnership. To this amendment of the articles of association is an acknowledgment by Percy Ray, certifying that he is one of the organizers of the corporation. Percy Ray testified that he undoubtedly supposed when he signed said acknowledgment that it referred to the organization of the copartnership, because he considered it one and the same business.

"On the 27th day of November, 1911, an assignment was made for the benefit of the creditors of the Kalamazoo Sample Furniture Company, and afterwards certain creditors filed a petition to have the corporation adjudged a bankrupt, and on the 29th

day of December, 1911, the corporation was duly adjudged a bankrupt. Proceedings were also taken to have the copartnership adjudged a bankrupt. Schedules were filed in both cases, and the schedules set forth the same creditors and also the same assets; that is, the creditors and assets set forth in the schedules in the bankruptcy proceedings against the corporation were identical with those set forth in the bankruptcy proceedings against the copartnership. Upon a petition filed by the creditors, an order was made by the referee in bankruptcy consolidating the two proceedings, and since the entry of said order the two cases have been conducted as one proceeding.

"The testimony fails to show that any credit was extended to the corporation because of the signing of the articles of association by the defendant, and the proof shows conclusively that the defendant never signed the articles of association with any intention of being bound thereby. The proofs also show that a large percentage of the indebtedness was incurred by the partnership and before the corporation was formed. The defendant has never held himself out as a stockholder in the corporation and he has not been guilty of any laches which would estop him from relying upon his defense in this action.

"It is therefore the opinion of the court that a judgment of no cause of action should be and the same hereby is entered against the plaintiff and in favor of the defendant, with costs to be taxed."

Plaintiff excepted to certain of the findings of fact and to the final conclusion of law, but the grounds of these exceptions are not apparent. As to the findings of fact, it is not asserted that they are not supported by testimony; and, as to the conclusion of law, it is not asserted that it and the judgment are not supported by the findings of fact. Errors are assigned upon exceptions to rulings admitting and rejecting testimony, upon the refusal to make certain amendments to the findings, and upon the conclusion that a judgment for defendant ought to be entered. One of the amendments to the findings proposed by plaintiff and refused was the following:

"The said defendant, John H. Raven, signed the articles of association of said corporation, agreeing to take 500 shares of the stock of said corporation of the par value of $10 per share, amounting to $5,000. It is therefore the opinion of the court that a judgment of $5,000, with interest from the 26th day of October, 1912, at the rate of 5 per cent. per annum, should be, and the same hereby is, entered against the defendant, John H. Raven, and in favor of the plaintiff, Robert L. Campbell, trustee in bankruptcy of the estate of the Kalamazoo Sample Furniture Company, bankrupt."

The exception to this refusal and the assignment of error based thereon raise the principal and, if decided favorably to defendant, the only question to be considered.

That the judgment is right is a necessary conclusion, whether we consider only the facts found by the court or the facts found and various proposed amendments thereto, which are supported by undisputed testimony. Plaintiff is contending that the controlling fact, from which the liability of defendant, Raven, to pay the par value of the shares is inevitable, is the fact that he deliberately, however mistaken as to the effect, signed the original articles of corporate association as a subscriber for shares.

We recognize the general rule that one who subscribes in the articles of association for shares of stock of a corporation is bound by his subscription. *St. Johns Manfg. Co.* v. *Munger,* 106 Mich. 90 (64 N. W. 3, 29 L. R. A. 63, 58 Am. St. Rep. 468) ; *Peninsular Sav. Bank* v. *Stove Polish Co.,* 105 Mich. 535 (63 N. W. 514). See *Foote* v. *Greilick,* 166 Mich. 636 (132 N. W. 473) ; *Union City Lumber Co.* v. *Railroad Co.,* 170 Mich. 205 (136 N. W. 463).

But in the instant case the undisputed facts are that defendant, Raven, while acting deliberately enough, acted with the purpose of accommodating the

real parties in interest; himself supposing and they supposing that he had and would have no interest in the corporation. He assumed, for the convenience of the interested parties, to act in the place of Ray, but in his own name. No one considered that his formal subscription bound him and that in fact contract relations were established with him. Quite the contrary. Before the corporation was authorized to do business (2 Comp. Laws, § 7045), Raven had, pursuant to the original understanding, assigned his stock, withdrawn from the board of directors, and, so far as was possible, eliminated himself from apparent interest in the concern. Nine days after the articles were filed with the county clerk, amended articles, which were in fact substituted articles of association, were prepared, in which not Raven, but Ray, the man for whom, in the original organization, Raven had been substituted, appeared by recital as one of the organizers, and in which, too, the real terms of the organization were set out. It is not made to appear that any one dealt with the corporation during the interim or that credit was ever extended to it while Raven was apparently a shareholder. In short, the risk which Raven undoubtedly ran of corporate liability incurred while he was apparently a shareholder was escaped without injury. The case is a peculiar one, standing upon its own particular facts.

The judgment is affirmed.

STEERE, C. J., and MOORE, MCALVAY, BROOKE, KUHN, STONE, and BIRD, JJ., concurred.